IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ALEXANDER W. NDAULA, | : | |
|     Petitioner | : | |
| | : | No. 1:19-cv-1152 |
| v. | : | |
| | : | (Judge Rambo) |
| ANGELA HOOVER, | : | |
|     Respondent | : | |

## MEMORANDUM

This matter is before the Court pursuant to *pro se* Petitioner Alexander W. Ndaula ("Petitioner")'s petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 (Doc. No. 1), challenging the Board of Immigration Appeals ("BIA")'s grant of the Department of Homeland Security ("DHS")'s motion to reopen Petitioner's deportation proceedings. (Doc. No. 1.) Also before the Court is Petitioner's motion for a declaratory judgment. (Doc. No. 24.) The § 2241 petition and motion are fully briefed and ripe for disposition.

## I.    BACKGROUND

Petitioner, a native and citizen of Uganda, first entered the United States at an unknown time and place. (Doc. No. 5-1, Ex. 1 at 3; Ex. 3 at 2.) On February 6, 2001, he was convicted of credit card larceny in the Natick District Court in Natick, Massachusetts. (*Id.*, Ex. 2 at 1; Ex. 3 at 2; Ex. 4 at 1.) On August 28, 2001, ICE issued a Notice to Appear, charging Petitioner as being removable from the United States, pursuant to §§ 212(a)(6)(A)(i), (a)(7)(A)(i)(I), and (a)(2)(A)(i)(I) of the

Immigration and Nationality Act ("INA"), for being present without having been admitted or paroled, not having valid entry documents, and having been convicted of a crime of moral turpitude. (*Id.*, Ex. 2 at 1.)

On March 26, 2003, an immigration judge denied Petitioner all forms of relief and ordered him removed to either the United Kingdom or Uganda. (*Id.*, Ex. 3 at 9.) On September 29, 2003, the Board of Immigration Appeals ("BIA") granted Petitioner withholding of removal to Uganda. (*Id.*, Ex. 5.) On December 29, 2003, ICE determined that Petitioner would remain detained pending his anticipated removal. (*Id.*, Ex. 4.) On May 28, 2004, Petitioner was released on an Order of Supervision because ICE was unable to obtain a travel document for him. (*Id.*, Ex. 9 ¶ 4.)

DHS took Petitioner into custody again on September 6, 2010, after he was arrested for evading arrest, giving a false name, and various motor vehicle charges. (*Id.* ¶ 6.) On September 8, 2010, Petitioner was re-released on the Order of Supervision. (*Id.*) On December 5, 2011, ICE encountered Petitioner at Rikers Island in New York City after Petitioner had been charged with enterprise corruption. (*Id.* ¶ 7.) Petitioner remained on the Order of Supervision. (*Id.*)

On July 28, 2015, Petitioner was convicted of conspiracy to commit wire fraud and two counts of wire fraud in the United States District Court for the District of Massachusetts and was sentenced to twenty-one (21) months of imprisonment. (*Id.*,

Ex. 1 at 4; Ex. 6.) Three years later, Petitioner was convicted of criminal possession of a weapon in the Kings County, New York Supreme Court and sentenced to six (6) months of confinement. (*Id.*, Ex. 1 at 4.)

Prior to Petitioner's release from federal custody, DHS moved for the BIA to reopen Petitioner's immigration proceedings and vacate his grant of withholding of removal based upon his recent criminal conviction. (*Id.*, Ex. 9 ¶ 9; Ex. 10.) Petitioner returned to ICE custody on August 21, 2018, after his Order of Supervision was revoked. (*Id.*, Ex. 9 ¶ 10.) On August 30, 2018, Petitioner requested a four (4)-month extension to respond to DHS's motion to reopen. (*Id.*, Ex. 7.) On September 7, 2018, the BIA granted Petitioner a twenty-one (21)-day extension. (*Id.*, Ex. 8.) On October 3, 2018, Petitioner requested a second extension, and on November 20, 2018, counsel appeared on Petitioner's behalf and filed a brief opposing the motion to reopen. (*Id.*, Exs. 11, 12.) Petitioner was also considered for release on bond pursuant to *Guerrero-Sanchez v. Warden York Cty. Prison*, 905 F.3d 208 (3d Cir. 2018),[1] but his request was deemed withdrawn because he had not been detained for more than six (6) months. (Doc. No. 5-1, Ex. 13.)

---

[1] In *Guerrero-Sanchez*, the United States Court of Appeals for the Third Circuit found that "it *may* be the case that the Due Process Clause [of the Fifth Amendment] prohibits prolonged detention under § 1231(a)(6) without a bond hearing." *Id.* at 223. The Third Circuit thus "adopt[ed] a six-month rule here—that is, an alien detained under § 1231(a)(6) is generally entitled to a bond hearing after six months (*i.e.*, 180 days) of custody." *Id.* at 226. Such individuals are "entitled to a bond hearing before an immigration Judge and [are] entitled to be released from detention unless the government establishes that [they] pose[] a risk of flight or a danger to the community." *Id.* at 224 (quoting *Diouf v. Napolitano*, 634 F.3d 1081, 1092 (9th Cir. 2011)).

On January 24, 2019, the BIA granted DHS's motion to reopen and remanded Petitioner's proceedings to an immigration judge for a determination of whether Petitioner's most recent criminal conviction would preclude him from relief in the form of withholding of removal and whether Petitioner was entitled to other forms of relief. (*Id.*, Ex. 14.) On February 8, 2019, Petitioner filed a petition for review of removal proceedings in the United States Court of Appeals for the Third Circuit. *Ndaula v. Att'y Gen.*, No. 19-1346 (3d Cir.). On February 13, 2019, the Government filed a motion to dismiss for lack of jurisdiction, arguing that Petitioner's petition for review should be dismissed because he was no longer subject to a final order of removal. *Id.* On May 2, 2019, the immigration judge scheduled a merits hearing in Petitioner's proceedings for August 9, 2019. (Doc. No. 5-1, Ex. 15.) On June 7, 2019, the Third Circuit granted the Government's motion to dismiss Petitioner's petition for review, noting that it lacked jurisdiction to consider Petitioner's petition because the BIA's order granting DHS's motion to reopen proceedings rendered Petitioner no longer subject to a final order of removal. *Ndaula v. Att'y Gen.*, No. 19-1346 (3d Cir.).

Petitioner filed the instant § 2241 petition on July 5, 2019. (Doc. No. 1.)[2] As noted above, Petitioner seeks to challenge the BIA's decision to grant DHS's motion

---

[2] Petitioner previously filed a § 2241 petition challenging his continued detention by DHS. *See Ndaula v. Hoover*, No. 1:19-cv-28 (M.D. Pa.). On July 10, 2019, this Court denied that § 2241 petition without prejudice to Petitioner's "right to file another petition should his detention become

4

to reopen Petitioner's removal proceedings. (*Id.*) Petitioner asserts that the BIA's decision "[lacked] adequate explanation." (*Id.* at 7.) As relief, Petitioner requests that the Court temporarily stay the BIA's decision to reopen proceedings, enter a permanent stay, and "vacate the BIA decision reopening without adequate explanation and remand the record to the BIA for a decision showing the conviction at issue was sufficiently final." (*Id.* at 8.)

Following an Order to show cause (Doc. No. 3), Respondent filed a response, asserting that Petitioner's § 2241 petition should be dismissed for lack of jurisdiction (Doc. No. 5). Petitioner filed a traverse, asserting that the Court has jurisdiction to review his § 2241 petition under the Administrative Procedures Act ("APA"). (Doc. No. 10.) In an Order dated September 4, 2019, the Court directed Respondent to file a sur-reply addressing the arguments raised in Petitioner's traverse, including his argument that the Court could exercise jurisdiction pursuant to *Chehazeh v. Attorney General*, 666 F.3d 118 (3d Cir. 2012). (Doc. No. 12.) Respondent did so on September 18, 2019. (Doc. No. 13.)

Subsequently, Petitioner sought leave to respond to Respondent's sur-reply. (Doc. No. 14.) The Court granted Petitioner leave to do so and directed him to file his rebuttal by October 1, 2019. (Doc. No. 15.) Instead, however, Petitioner filed a

---

arbitrary or unreasonable." *Ndaula v. Hoover*, No. 1:19-cv-28, 2019 WL 3002955, at *7 (M.D. Pa. July 10, 2019). Petitioner's appeal from that Memorandum and Order is currently pending before the Third Circuit.

5

motion for leave to supplement or amend his § 2241 petition in light of new developments, *i.e.*, the Immigration Judge's grant of deferral of removal on August 30, 2019. (Doc. No. 16.) In an Order dated October 15, 2019, the Court granted Petitioner's motion and directed him to file a supplemental or amended § 2241 petition within thirty (30) days. (Doc. No. 17.)

Petitioner did not file a supplemental or amended § 2241 petition. Instead, he filed a motion for a stay and abeyance, arguing that his detention status had recently reverted to post-final removal order status and arguing that his custody challenge was "simultaneously undergoing administrative review." (Doc. No. 18.) Respondent opposed Petitioner's motion. (Doc. No. 19.) On December 19, 2019, the Court received notice from Petitioner that he had been released from custody on an Order of Supervision on December 17, 2019. (Doc. No. 20.) Petitioner indicated that "[t]he Court may dispose of [his § 2241] petition as it deems appropriate." (*Id.*)

In an Order dated January 7, 2020, the Court denied Petitioner's motion for a stay and abeyance and directed him to inform the Court whether he wished to proceed on his § 2241 petition as filed or whether he wanted to voluntarily dismiss these proceedings considering his release. (Doc. No. 21.) After receiving an extension of time (Doc. Nos. 22, 23), Petitioner filed a motion for declaratory judgment, requesting that the Court "declare that the revocation of his release was arbitrarily conducted and that the record (2002-2019) shows his removal isn't

6

foreseeable such that upon the grant of deferral he shouldn't have been subjected to a third removal period" (Doc. No. 24). Respondent filed a brief in opposition on February 11, 2020 (Doc. No. 25), and Petitioner filed a reply on February 19, 2020 (Doc. No. 26).

## II. DISCUSSION

In his § 2241 petition, Petitioner contends that the BIA's "decision to reopen and remand [his removal proceedings] was legally insufficient in departing from the rule that the first step in assessing whether the offense [triggering removal] potentially came within the ambit of a particularly serious crime is to 'examine the elements of the statute of conviction.'" (Doc. No. 1 at 6.) According to Petitioner, the BIA should not have granted the motion to reopen because his conviction as on direct appeal. (*Id.* at 7.) As relief, Petitioner requests a temporary stay of the BIA's decision, a permanent stay, and for this Court to vacate the BIA's decision and remand the matter "to the BIA for a decision showing the conviction at issue was sufficiently final." (*Id.* at 8.) In his motion for a declaratory judgment, Petitioner requests that the Court "declare that the revocation of his release was arbitrarily conducted and that the record (2002-2019) shows his removal isn't foreseeable such that upon the grant of deferral he shouldn't have been subjected to a third removal period." (Doc. No. 24 at 6.)

7

8 U.S.C. §1252(g) explicitly bars judicial review by district courts of three classes of actions and decisions committed to the Government's discretion: "the 'decision or action to commence proceedings, adjudicate cases, or execute removal orders.'" *Chehazeh v. Att'y Gen.*, 666 F.3d 118, 134 (3d Cir. 2012) (quoting *Reno v. Am. Anti-Arab Discrimination Comm.*, 525 U.S. 471, 482 (1999)). Specifically, § 1252(g) provides:

> Except as provided in this section and notwithstanding any other provision of law (statutory or nonstatutory), including section 2241 of title 28, United States Code, or any other habeas corpus provision, and sections 1361 and 1651 of such title, no court shall have jurisdiction to hear any cause or claim by or on behalf of any alien arising from the decision or action by the Attorney General to commence proceedings, adjudicate cases, or execute removal orders against any alien under this Act.

8 U.S.C. § 1252(g). Moreover, § 1252(a)(5) provides:

> Notwithstanding any other provision of law (statutory or nonstatutory), including section 2241 of Title 28, or any other habeas corpus provision, and sections 1361 and 1651 of such title, a petition for review filed with an appropriate court of appeals in accordance with this section shall be the sole and exclusive means for judicial review of an order of removal entered or issued under any provision of this chapter, except as provided in subsection (e). For purposes of this chapter, in every provision that limits or limits judicial review or jurisdiction to review, the terms "judicial review" and "jurisdiction to review" include habeas corpus review pursuant to section 2241 of Title 28, or any other habeas corpus provision, sections 1361 and 1651 of such title, and review pursuant to any other provision of law (statutory or nonstatutory).

*Id.* § 1252(a)(5). Finally, § 1252(b)(9) provides:

> Judicial review of all questions of law and fact, including interpretation and application of constitutional and statutory provisions, arising from any action taken or proceeding brought to remove an alien from the United States under this subchapter shall be available only in judicial review of a final order under this section. Except as otherwise provided in this section, no court shall have jurisdiction, by habeas corpus under section 2241 of Title 28 or any other habeas corpus provision, by section 1361 or 1651 of such title, or by any other provision of law (statutory or nonstatutory), to review such an order or such questions of law or fact.

*Id.* § 1252(b)(9).

Respondent asserts that the Court lacks jurisdiction over Petitioner's § 2241 petition under §1252(a)(5), (b)(9), and (g) because the "claims for relief . . . are a challenge to the validity of the removal proceedings itself." (Doc. No. 5 at 5.) Respondent maintains further that Petitioner "is required to bring any such challenge to the court of appeals having jurisdiction over his removal order through a petition for review pursuant to section 1252 once his removal order has been issued if, in fact, it is." (*Id.*) Here, however, Petitioner is not seeking to challenge a final order of removal. Moreover, in *Chehazeh*, the Third Circuit held that § 1252(a)(5) & (b)(9) did not preclude a petitioner from seeking review in the district court of the BIA's *sua sponte* decision to reopen removal proceedings. *Chehazeh*, 666 F.3d at 131-35.

The Court agrees with Respondent, however, that it lacks jurisdiction over Petitioner's claims under § 2241. The Supreme Court has noted that "habeas corpus is not an appropriate or available federal remedy" if the prisoner "attacking

9

something other than the fact or length of his confinement, and he is seeking something other than immediate or more speedy release." *Preiser v. Rodriguez*, 411 U.S. 475, 494 (1973). Here, Petitioner is not challenging the constitutionality of his detention. Accordingly, he may not rely upon § 2241 to assert his claims for relief.

Petitioner cites *Chehazeh* in support of his assertion that this Court may exercise jurisdiction pursuant to the APA. (Doc. No. 10 at 4.) In *Chehazeh*, the district court had dismissed the petitioner's § 2241 petition for lack of jurisdiction because the petitioner was not "in custody" for purposes of § 2241. *Chehazeh*, 666 F.3d at 125. On appeal, however, the Third Circuit was "persuaded that the [d]istrict [c]ourt ha[d] jurisdiction under § 1331 and may, under the APA, review [the petitioner's] petition." *Id.* In the instant case, Respondent asserts that Petitioner's claims "are not before this Court pursuant to the APA." (Doc. No. 13 at 2.) However, in light of the Third Circuit's decision in *Chehazeh*, the Court will liberally construe Petitioner's § 2241 petition as a complaint for declaratory judgment under the APA. *See Hernandez-Mandujano v. Dep't of Homeland Security*, No. 08-2568, 2009 WL 1520112, at *2-3 (E.D. Pa. May 27, 2009) (construing alien's § 2241 petition as asserting a claim for relief under the APA); *Mory Lamas v. Gonzales*, No. CIV A. 07-3351 DMC, 2007 WL 2769660, at *3 (D.N.J. Sept. 21, 2007) (reaching same decision regarding alien detainee's § 2241 petition).

"To support APA jurisdiction, the agency action must be final, it must adversely affect the party seeking review, and it must be non-discretionary." *Pinho v. Gonzales*, 432 F.3d 193, 200 (3d Cir. 2005). Motions to reopen before the BIA are governed by 8 C.F.R. § 1003.2, which provides in pertinent part:

> The Board may at any time reopen or reconsider on its own motion any case in which it has rendered a decision. A request to reopen or reconsider any case in which a decision has been made by the Board, which request is made by the Service, or by the party affected by the decision, must be in the form of a written motion to the Board. The decision to grant or deny a motion to reopen or reconsider is within the discretion of the Board, subject to the restrictions of this section. The Board has discretion to deny a motion to reopen even if the party moving has made out a prima facie case for relief.

8 U.S.C. § 1003.2(a).

Petitioner asserts that the Third Circuit's decision in *Chehazeh* allows this Court to exercise APA jurisdiction. (Doc. No. 10 at 4-10.) The Court, however, agrees with Respondent that *Chehazeh* is "distinguishable from [Petitioner's] present circumstance." (Doc. No. 13 at 2-3.) *Chehazeh* involved the BIA's *sua sponte* reopening of the petitioner's removal proceedings. *Chehazeh*, 666 F.3d at 127-28. The Third Circuit concluded that "because the BIA has announced and followed a general policy that it will exercise its [*sua sponte*] discretion to reopen only in exceptional situations, [courts] may review a decision to reopen to determine whether it was based upon an exceptional situation." *Id.* at 129.

In the instant case, unlike in *Chehazeh*, the BIA reopened Petitioner's removal proceedings by granting the motion to reopen filed by DHS. (Doc. No. 5-1 at 66.) Specifically, the BIA noted:

> On August 10, 2018, the Department of Homeland Security (DHS) filed a motion to reopen and terminate the prior grant of withholding of removal pursuant to 8 C.F.R. § 1208.24(f). The respondent has filed a brief in opposition to the DHS's motion. The motion will be granted and the record will be remanded.
>
> The DHS submitted evidence showing that on August 18, 2015, the respondent was convicted of Wire Fraud and Conspiracy to Commit Wire Fraud in violation of 18 U.S.C. §§ 1343 and 1349, respectively, and was sentenced to 21 months' imprisonment (DHS Motion at 2; Exh. 3). The loss attributed to the respondent for his role in the scheme was $237,094.30 (DHS Motion at 2; Exh. 4 at page 43). The DHS argues that these conviction[s] constitute particularly serious crimes rendering the respondent ineligible for withholding of removal under section 241(b)(3) of the Immigration and Nationality Act, 8 U.S.C. § 1231(b)(3). The respondent argues that his convictions do not constitute particularly serious crimes and that the grant of withholding of removal cannot be terminated without first affording him an opportunity to contest termination at a hearing before an Immigration Judge.
>
> Considering the particular facts and circumstances of this case and the arguments raised by both parties, the proceedings are reopened under the provisions of 8 C.F.R. § 1003.2(a). The record will be remanded to the Immigration Judge to provide the parties the opportunity to address the DHS's request for termination of the grant of withholding of removal, and if necessary, any other available relief from removal.

(*Id.*) Thus, at no time did the BIA exercise its *sua sponte* authority to reopen Petitioner's removal proceedings, and, therefore, *Chehazeh* does not apply to his case. The Third Circuit has previously noted that "[n]o statute or regulation creates

12

any circumstance in which a motion to reopen must be granted. This implies that motions to reopen remain discretionary motions." *Sevoian v. Ashcroft*, 290 F.3d 166, 173 (3d Cir. 2002) (internal quotations and citations omitted). Petitioner has not provided, and the Court has not located, any authority suggesting otherwise. *Cf. Ochoa v. Holder*, 604 F.3d 546, 549-50 (8th Cir. 2010) (concluding that the court could not exercise APA jurisdiction over the denial of petitioner's motion to reopen removal proceedings because the petitioner was complaining "about an action that is committed to agency discretion by law").

In sum, to the extent that Petitioner is asserting a claim for relief under the APA, the Court is unable to review the BIA's grant of DHS's motion to reopen Petitioner's removal proceedings because the grant or denial of such motions is committed to the BIA's discretion and "there is no law to apply because the court has no meaningful standard against which to judge the agency's unfettered exercise of discretion." *Id.* at 549. Given this conclusion, the Court does not address whether the BIA's grant of the motion to reopen was a final action and whether it adversely affected Petitioner. Accordingly, Petitioner's § 2241 petition will be denied.

As noted above, Petitioner has also filed a motion for a declaratory judgment, requesting that the Court "declare that the revocation of his release was arbitrarily conducted and that the record (2002-2019) shows his removal isn't foreseeable such that upon the grant of deferral he shouldn't have been subjected to a third removal

period." (Doc. No. 24 at 6.) However, Petitioner has been released from custody on an Order of Supervision. Respondent, therefore, is in no way "actually situated to effectuate any prospective relief that this [C]ourt might afford [Petitioner]." *Torres-Jurado v. Adm'r of Bergen Cty. Jail*, 767 F. App'x 227, 232 (3d Cir. 2019) (quoting *Jordan v. Sosa*, 654 F.3d 1012, 1030 (10th Cir. 2011)). Respondent "can do nothing at this point . . . to respond to a declaration that the revocation [of Petitioner's release] was unlawful." *Id.* Accordingly, Petitioner's motion for declaratory judgment (Doc. No. 24) will also be denied.

## III. CONCLUSION

For the foregoing reasons, Petitioner's § 2241 petition (Doc. No. 1) and motion for declaratory judgment (Doc. No. 24) will be denied. An appropriate Order follows.

s/ Sylvia H. Rambo<br>
United States District Judge

Dated: March 2, 2020